CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
APR 0 9 2008
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CALVIN PERRY,<br>　　Plaintiff, | )<br>)　Civil Action No. 7:08CV00106<br>) |
| v. | )　**MEMORANDUM OPINION**<br>) |
| CHATTEM, INC.,<br>　　Defendant. | )　By: Hon. Glen E. Conrad<br>)　United States District Judge |

This case is presently before the court on the motion to dismiss filed by the defendant, Chattem, Inc. ("Chattem"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will grant Chattem's motion.

### Background

On July 6, 2007, the plaintiff, Calvin Perry, a Virginia inmate proceeding pro se, filed a motion for judgment against Chattem in the Circuit Court for the City of Roanoke, seeking $200,000 in damages for negligence under "the Product Liability Act as enforced through [the] Tennessee Tort Claim Act." (Mot. for J. at 4). The plaintiff also cited to the "Virginia Tort Claim Act." (Mot. for J. at 1). Chattem was not served with a copy of the motion for judgment until January 14, 2008. Chattem timely filed an answer on February 4, 2008, and on February 11, 2008, the company filed a notice of removal in this court.[1]

On February 21, 2008, Perry filed an amended complaint, which purports to state a claim against Chattem under 42 U.S.C. § 1983, rather than a claim for negligence under state law. The pleading is expressly labeled "Complaint under the Civil Rights Act, 42 U.S.C. § 1983," and Perry asserts that the action seeks "to remedy the unconstitutional actions of the defendant['s]

---

[1] Chattem is incorporated in and has its principal place of business in Tennessee. Thus, in removing the case to this court, Chattem invoked the court's diversity jurisdiction under 28 U.S.C. § 1332.

deliberate indifference to his federal rights." (Am. Compl. at 1). Additionally, Perry asserts that the "action arises under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983," and that "jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 1343." (Am. Compl. at 2). On February 25, 2008, Perry moved for leave to amend his complaint "to reflect [a] civil rights action [under] 42 U.S.C. § 1983 so that it will be in compliance with this court, and to add the appropriate elements of deliberate indifference." (Pl.'s Mot. to Amend at 1). The court granted Perry's motion on February 29, 2008.

According to the amended complaint, Chattem is the distributor of Gold Bond Healing Medicated Body Powder. Perry alleges that he used the product on February 19, 2007, by sprinkling it on his feet and groin, and that within 24 hours, he experienced pain, inflammation, and swelling. Perry further alleges that the powder had an acidic effect, that he may now be impotent, and that he may face future hospitalization for possible testicular injuries.

Perry alleges that Chattem acted with deliberate indifference to his health and safety by falsely advertising that its product is safe for external use. He also contends that Chattem acted under color of state law. The amended complaint includes only one claim against Chattem. That claim purports to enforce Perry's federal constitutional and statutory rights under § 1983:

> Claim One: Product Liability: As a proximate result of defendant['s] deliberate indifference to plaintiff's health and safety to be free of unsafe products, violates the Product Liability Act and plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

(Am. Compl. at 5). Perry seeks $500,000 in damages and a "declaratory judgment holding that defendant's acts and omissions as alleged herein are unconstitutional and illegal, and violate[] the Eighth and Fourteenth Amendments to the United States Constitution." (Am. Compl. at 5).

2

On March 12, 2008, Chattem moved to dismiss Perry's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Perry filed a response to the motion on March 18, 2008. Accordingly, Chattem's motion is now ripe for review.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint"; such motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (internal citations omitted). When reviewing a complaint pursuant to Rule 12(b)(6), the court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id. at 244.

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-1965 (2007). Instead, assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id. at 1965.

Since the plaintiff in this case is proceeding pro se, his pleadings are held to a less stringent standard than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Even under this less stringent standard, however, the court may not rewrite a pro se complaint to include claims that were not presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999); construct a pro se litigant's legal arguments for him, Small v. Endicott, 998

3

F.2d 411, 417-418 (7th Cir. 1993); or "conjure up and decide issues never fairly presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1276 (4th Cir. 1985).

## Discussion

As previously stated, Perry's amended complaint solely asserts a claim under 42 U.S.C. § 1983. It is clear from the amended complaint that Perry abandoned any state law claims that were asserted in his original complaint, and "[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005); see also Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supercedes the original and renders it of no legal effect.") (internal quotations and citations omitted); Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr., Inc., 7 Fed. Appx. 197, 202 (4th Cir. 2001) (holding that the district court erred in considering allegations in the original complaint to dismiss the amended complaint, since the amended complaint superceded the original).

In moving to dismiss Perry's amended complaint, Chattem argues that Perry's allegations are insufficient to establish that Chattem acted under color of state law for purposes of § 1983. Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress . . . .

4

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The "under-color-of-state-law element of § 1983," like the Fourteenth Amendment's "state action" requirement, "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)); see also Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (holding that § 1983's requirement that a defendant act under "color of law" is treated as the equivalent to the Fourteenth Amendment's "state action" requirement). In distinguishing between state action and private action,

> the judicial obligation is not only to preserve an area of individual freedom by limiting the reach of federal law and avoid the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.

Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotations and citations omitted). State action may be found to exist "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Id. (internal quotations and citations omitted).

The United States Court of Appeals for the Fourth Circuit has identified several contexts in which private action may be found to constitute state action, such as "when the state has coerced a private actor to commit an act that would be unconstitutional if done by the state"; "when the state has delegated a traditionally and exclusively public function to a private actor";

5

"when the state has sought to evade a clear constitutional duty through delegation to a private actor"; or "when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." Andrews v. Fed. Home Loan Bank, 998 F.2d 214, 217 (4th Cir. 1993). The critical inquiry in each case is whether the private actor's conduct was fairly attributable to the state. Mentavlos v. Anderson, 249 F.3d 301, 313 (4th Cir. 2001). "[T]he ultimate resolution of whether an actor was a state actor . . . is a question of law for the court." Goldstein v. Chestnut Ridge Vol. Fire Co., 218 F.3d 337, 344 n. 7 (4th Cir. 2000).

With these principles in mind, the court turns to the allegations in Perry's amended complaint. Although Perry alleges that Chattem "at all times . . . acted under color of state law" (Am. Compl. at 2), he does not provide any facts to support this legal conclusion. Indeed, even liberally construed, Perry's amended complaint includes no facts that establish such a "close nexus" between Chattem's challenged actions and the state that the defendant's actions may be "fairly treated" as those of the state itself. See Brentwood Acad., 531 U.S. at 295. In response to Chattem's motion to dismiss, Perry alleges that he purchased the powder at Sussex II State Prison, and that the powder is sold in all Virginia prison canteens. However, a private actor does not become a state actor by merely selling a product to a prison or other state entity. See Jackson v. Quartet Sales, No. 94-1861, 1994 U.S. App. LEXIS 25125, at *4 (8th Cir. Sept. 14, 1994) (holding that plaintiff's § 1983 claim was frivolous, where there was "no indication that Quartet Sales was anything other than a private firm, and it did not become a state actor by merely selling the stinger to the prison"); Steading v. Thompson, 941 F.2d 498, 499 (7th Cir. 1991) (holding that "[a] private firm does not become a state actor by selling its products to the government"). Consequently, in the absence of sufficient factual allegations to satisfy the under-color-of-state-

6

law requirement, the court concludes that Perry has failed to state a claim under § 1983 and that his amended complaint must be dismissed.[2]

## Conclusion

For the reasons stated, the court will grant the defendant's Rule 12(b)(6) motion to dismiss. The plaintiff's motion for a temporary restraining order and the plaintiff's motion to compel will be denied as moot. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 9th day of April, 2008.

United States District Judge

---

[2] The court notes that this decision does not preclude Perry from pursuing any claim that he may have under state tort law.